CARLTON, J.,
dissenting:
¶48. I respectfully dissent from the decision of the majority. I would reverse the chancellor’s award of custody to Brittany and James. The record reflects that neither Brittany nor James was entitled to the natural-parent presumption, and the record reflects no showing of a material change of circumstances adverse to the best interests of the child by Brittany or James.[17] Brittany voluntarily relinquished temporary legal and physical custody of Hayden to her mother, Deanna, in 2008; and Deanna acquired incidents of permanency since her custody of Hayden remained unchallenged for five years.[18] Therefore, without a material change in circumstances, the record fails to support a consideration by the chancellor of a change in custody -under the Albright analysis.
JAMES, J., JOINS THIS OPINION.

. See Grant v. Martin, 757 So.2d 264, 266 (¶ 10) (Miss.2000) ("[A] natural parent who voluntarily relinquishes custody of a minor child, through a court of competent jurisdiction, has forfeited the right to rely on the existing natural parent presumption.”); Hall v. Hall, 134 So.3d 822, 825 (¶ 9) (Miss.Ct.App.2014) (setting forth the requirements for showing that a material change in circumstances has occurred in the custodial home); see also Johnson v. Gray, 859 So.2d 1006, 1013 (¶ 33) (Miss.2003); Riley v. Doemer, 677 So.2d 740, 743 (Miss.1996); Ethredge v. Yawn, 605 So.2d 761, 764 - (Miss.1992) (“[A]bandonment [i]s any course of conduct on the part of a parent evincing a settled purpose to forgo all duties and relinquish all parental claims to the child.”); Adams v. Johnson, 33 So.3d 551, 555-56 (¶¶ 9-10) (Miss.Ct.App.2010).

.Swartzfager v. Derrick, 942 So.2d 255, 258 (¶[ 10) (Miss.Ct.App.2006).